# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF IOWA
### CENTRAL DIVISION

| | |
|---|---|
| **APRIL SAMP,**<br><br>  Plaintiff,<br><br>vs.<br><br>**TEGNA BROADCAST HOLDINGS, LLC D/B/A WOI-TV, TEGNA INC., SUSAN MCELDOON, PATTI DENNIS, AND PAUL TRELSTAD,**<br><br>  Defendants. | **CASE NO.:** _____<br><br>**NOTICE OF REMOVAL** |

Defendants TEGNA Broadcast Holdings, LLC d/b/a WOI-TV; TEGNA Inc.; Susan McEldoon; Patti Dennis; and Paul Trelstad ("Defendants"), by and through their undersigned counsel, hereby remove the above-captioned civil action from the Iowa District Court for Polk County, Case No. LACL148726, to the United States District Court for the Southern District of Iowa, Central Division, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 and Local Rule 81. As grounds for removal, Defendants state as follows:

1. This action is removable pursuant to 28 U.S.C. §§ 1332 and 1441.

2. Pursuant to 28 U.S.C. § 1446 and Local Rule 81(a)(1), a copy of all process, pleadings, and orders in the state court action are filed with this Notice as Exhibit 1.

3. Venue in this Court is proper under 28 U.S.C. § 1446(a) because this Court is the United States District Court for the district and division corresponding to the place where the state-court action was pending.

**Background**

4. Plaintiff April Samp filed her Petition and Jury Demand (the "Petition") in the Iowa District Court for Polk County on September 21, 2020.

5. The Petition alleges claims for sex discrimination (Count I), age discrimination (Count II), and retaliation (Count III) under the Iowa Civil Rights Act ("ICRA").

6. All three of these counts are pled against all Defendants—TEGNA Broadcast Holdings, LLC d/b/a WOI-TV; TEGNA Inc.; Susan McEldoon; Patti Dennis; and Paul Trelstad.

7. Undersigned counsel accepted service on behalf of all Defendants on October 1, 2020, which Acceptance was filed the same day.

8. Defendants' counsel later learned that TEGNA Broadcast Holdings, LLC had been served on September 30, 2020.

9. On October 8, 2020, Defendants filed Appearances of Counsel.

10. On October 16, 2020, Plaintiff filed a motion to file confidential information under seal, which Defendants do not oppose.

11. There have been no further proceedings in the Iowa District Court for Polk County.

12. Pursuant to 28 U.S.C. § 1446(b) and *Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999), Defendants have timely removed this action because this Notice of Removal is filed within 30 days after service of the initial pleading setting forth the claims for relief upon which the action is based.

13. The United States District Court for the Southern District of Iowa has subject-matter jurisdiction over this action based on the diversity of the parties and the amount in controversy pursuant to 28 U.S.C. § 1332. Therefore, Plaintiff's claim may be removed to the United States District Court for the Southern District of Iowa.

**Basis for Diversity Jurisdiction**

14. Federal courts have diversity jurisdiction of civil actions between citizens of different states in which the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a).

*Diversity of Citizenship*

15. Upon information and belief, Plaintiff is a resident of Dallas County, Iowa. (Petition ¶ 2).

16. Defendant TEGNA Broadcast Holdings, LLC d/b/a WOI-TV is organized in Delaware. Its sole member is TEGNA Inc., which is incorporated in Delaware and has its principal place of business in Virginia. (Ex. 2, Declaration of Jeffery Newman, ¶ 3).

17. As mentioned above, Defendant TEGNA Inc. is a corporation organized under Delaware law, with its principal place of business in Virginia, where its corporate headquarters are located. (*Id.* ¶ 4). TEGNA Inc. conducts business in many other states around the country, including Iowa. (*Id.* ¶ 4).

18. Defendant Susan McEldoon is a resident of Florida. (*Id.* ¶ 5).

19. Defendant Patti Dennis is a resident of Colorado. (Petition ¶ 6).

20. Defendant Paul Trelstad is a resident of Missouri. (Petition ¶ 7).

21. Thus, there is complete diversity between Plaintiff and Defendants. *See* 28 U.S.C. §§ 1332, 1441(b).

*Amount in Controversy*

22. Plaintiff's Petition, in the "WHEREFORE" clauses, seek monetary damages that include compensatory damages, equitable and injunctive relief, prejudgment and postjudgment interest, attorneys' fees and litigation expenses, and costs. It does not specify an amount of damages, but the amount-in-controversy requirement for diversity jurisdiction can still be satisfied

and is measured by " 'the value to the plaintiff of the right sought to be enforced.' " *Turntine v. Peterson*, 959 F.3d 873, 880 (8th Cir. 2020) (quoting *Am. Family Mut. Ins. v. Vein Ctrs. For Excellence, Inc.*, 912 F.3d 1076, 1081 (8th Cir. 2019)).

23. It is reasonably clear from the Petition that the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs, given that Plaintiff appears to seek recovery of past and future lost wages and emotional distress as compensatory damages, among other types of damages and attorneys' fees. *See, e.g.*, *Peterson v. The Travelers Indemnity Co.*, 867 F.3d 992, 995, 1007 (8th Cir. 2017) (considering statutory attorney fees when evaluating amount in controversy); *Sutter v. Aventis CropScience USA Holding, Inc.*, 145 F.Supp.2d 1050, 1052 (S.D. Iowa 2001) ("Punitive damages, the value of injunctive relief, and attorney fees are included as the amounts in controversy for determining whether the court has jurisdiction.").

24. Verdicts in cases brought under the Iowa Civil Rights Act can and do exceed $75,000.00, sometimes for emotional distress damages or attorney fees' alone. *See, e.g.*, *Hawkins v. Grinnell Reg. Med. Ctr. et al.*, Case No. LALA002281, Iowa District Court for Poweshiek County (July 24, 2017), *reversed and remanded on other grounds*, Case No. 17-1892 (Iowa) (June 7, 2019).

25. Under these circumstances, a fact finder may conclude that the amount in controversy exceeds $75,000. *See Turntine*, 959 F.3d at 881. It is apparent, then, from the Petition that Plaintiff's claims and the amount in controversy exceed the minimum for diversity jurisdiction.

26. Plaintiff's Petition does not preclude removal on its face.

27. Because there is also complete diversity between and among the parties, this Court has diversity jurisdiction of this action.

**Other Procedural Matters**

28. In accordance with 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders provided to Defendants in this action are attached as Exhibit 1, and by this reference incorporated herein. The contents of this Exhibit 1 constitute the entire file of the action in the Iowa District Court for Polk County.

29. In accordance with 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being filed with the Clerk of the District Court of Polk County and is being served on Plaintiff's counsel.

30. The requirements for removal under 28 U.S.C. §§ 1332, 1441, and 1446 have been met. If any questions arise as to the propriety of the removal of this action, Defendants request the opportunity to brief this matter and provide further evidence as necessary to support its position that the case is removable.

31. By removing this action to this Court, Defendants do not waive any defenses that are available to them under applicable law.

WHEREFORE, Defendants TEGNA Broadcast Holdings, LLC d/b/a WOI-TV; TEGNA Inc.; Susan McEldoon; Patti Dennis; and Paul Trelstad request that the above-captioned matter be removed from the District Court of Polk County, Iowa, to this Court and that further proceedings be conducted in this Court as provided by law.

By: *Kendra D. Simmons*
Bridget R. Penick (AT6147)
bpenick@fredlaw.com
Kendra D. Simmons (AT12988)
ksimmons@fredlaw.com
**Fredrikson & Byron, P.A.**
505 East Grand Avenue, Suite 200
Des Moines, IA  50309
Phone: (515) 242-8900
Fax: (515) 242-8950

*Attorneys for Defendants*

## Certificate of Service

The undersigned certifies that on October 19, 2020, the foregoing document was electronically filed with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record registered with the system.

A courtesy copy will also be emailed to Plaintiff's counsel at the following email addresses:

Brooke Timmer (brooke@timmerjudkins.com)
Nate Borland (nate@timmerjudkins.com)

/s/ *Ellen Workman*
Ellen Workman